**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-4152**

───────────

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

BRANDON ANTHONY COLBERT,

            Defendant – Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Chief District Judge.  (1:08-cr-00168-JAB-2)

───────────

Submitted:  August 4, 2010          Decided:  September 16, 2010

───────────

Before SHEDD and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Robert L. McClellan, IVEY, MCCLELLAN, GATTON & TALCOTT, L.L.P., Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Robert A. J. Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Anthony Colbert was found guilty by a jury of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006), and was sentenced to 120 months in prison. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that after a review of the record, he has found no meritorious issues for appeal. The Anders brief nonetheless challenges whether there was sufficient evidence to support the jury's verdict. Colbert filed a pro se supplemental brief, also arguing that the evidence was insufficient to support his conviction, and asserting that the jury improperly inferred his guilt because another individual took responsibility for possessing the weapon underlying the charge for which Colbert was convicted. The Government has filed a responsive brief, arguing that the district court correctly denied Colbert's Rule 29 motion and that Colbert's arguments are "no more than a request to this court to overturn the credibility and believability determinations made by the jury." Concluding that no reversible error occurred, we affirm.

First, we uphold the jury's verdict. This court reviews the denial of a Fed. R. Crim. P. 29 motion de novo. See United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). When a Rule 29 motion was based on a claim of insufficient

evidence, the jury's verdict must be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Abu Ali, 528 F.3d 210, 244 (4th Cir. 2008) (internal quotation marks, brackets and citations omitted). This court "ha[s] defined 'substantial evidence' as evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Alerre, 430 F.3d at 693 (internal quotation marks and citations omitted).

When reviewing the sufficiency of the evidence, this court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982) (citations omitted). The court may not weigh the evidence or review the credibility of the witnesses. See United States v. Allen, 491 F.3d 178, 185 (4th Cir. 2007). Thus, "if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe[.]" United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994) (citations omitted). A defendant challenging the sufficiency of the evidence faces a heavy burden. See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997).

3

To establish a violation of 18 U.S.C. § 922(g)(1), the Government was required to prove that: (i) Colbert was a convicted felon at the time of the offense; (ii) he voluntarily and intentionally possessed a firearm; and (iii) the firearm traveled in interstate commerce. United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). Here, the parties stipulated that Colbert was a convicted felon and that the firearm had the requisite interstate commerce nexus. The only disputed issue, therefore, was whether the evidence established that Colbert "possessed" a firearm on December 7, 2007. We hold that the Government produced sufficient evidence to establish that Colbert possessed the weapon underlying his conviction and, hence, find the evidence sufficient to support the jury's verdict.

Although not challenged by Colbert, we have also reviewed his sentence in accordance with our obligations under Anders and affirm his sentence. Colbert's presentence investigation report properly placed him in a category IV criminal history and attributed him with a total offense level of twenty-eight, yielding a Guidelines range of 140 to 175 months which, given the statutory maximum of ten years in prison, became 120 months. See 18 U.S.C. § 924(a)(2) (2006).

We also conclude that no reversible error occurred during Colbert's sentencing hearing. The district court

appropriately inquired at sentencing whether there were objections to Colbert's presentence investigation report, to which counsel responded there were not, asked whether defense counsel had argument to present in mitigation, and afforded Colbert an opportunity to allocute. We discern no reversible error in the district court's explanation for its 120-month sentence. See United States v. Lynn, 592 F.3d 572, 576-80 (4th Cir. 2010). Thus, in the absence of argument challenging Colbert's within-Guidelines sentence, we affirm his 120-month sentence. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) ("A sentence within the proper Sentencing Guidelines range is presumptively reasonable.").

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Colbert, in writing, of the right to petition the Supreme Court of the United States for further review. If Colbert requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Colbert. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED